Mercedes v. N.Y.C. Dep't of Educ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                      *Circuit Judges*.

_____

LEANNA MERCEDES,

                      *Plaintiff-Appellant*,

                      v.                                                        18-3213-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
EMMANUEL POLANCO, on behalf of the Department of
Education of the City of New York, and as an individual,

                      *Defendants-Appellees*.

_____

Appearing for Appellant:      Stewart Lee Karlin, Stewart Lee Karlin Law Group (Natalia
                              Kapitonova, *on the brief*), New York, N.Y.

Appearing for Appellee:       Scott Schorr, Assistant Corporation Counsel (Richard Dearing, *on
                              the brief*), *for* Zachary W. Carter, Corporation Counsel of the City
                              of New York, , New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Leanna Mercedes appeals from the September 28, 2018 opinion and order of the United States District Court for the Southern District of New York (Broderick, *J.*), granting the Department of Education's ("DOE's") motion for summary judgment as to Mercedes's claims of employment discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's decision granting a motion for summary judgment, viewing facts in the light most favorable to the nonmovant. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 19 (2d Cir. 2014). If evidence demonstrates that "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted).

As an initial matter, the only adverse employment action considered for Mercedes's discrimination and retaliation claims is her termination. Title VII requires claimants to file a charge of discrimination or retaliation with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory or retaliatory act. *See* 42 U.S.C. § 2000e-5(e)(1). The district court found that, because Mercedes filed her charge with EEOC on April 17, 2015, discrete acts that occurred before June 21, 2014 were time-barred. *Mercedes v. N.Y.C. Dep't of Educ.*, No. 16-cv-3284, 2018 WL 4682015, at *7-8 (S.D.N.Y. Sept. 28, 2018). As such, only Mercedes's termination falls within the statute of limitations. *Id.* We agree.

Title VII renders it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII claims are analyzed under the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000); *see also McDonnell Douglas*, 411 U.S. at 802. Once the plaintiff does so, the burden shifts to the defendant to articulate a "legitimate, non-discriminatory reason" for the action. *McDonnell Douglas*, 411 U.S. at 804. If the defendant provides such a reason, the burden returns to the plaintiff to prove that the rationale is pretextual and discrimination is the true reason. *See id.* at 804; *Graham*, 230 F.3d at 38.

The district court concluded that Mercedes made out a prima facie case and DOE provided legitimate, nondiscriminatory reasons for her termination. *Mercedes*, 2018 WL 4682015, at *11. DOE provided evidence that it terminated Mercedes because of (1) "several

2

substantiated claims of corporal punishment in violation of Chancellor's Regulation A-420," (2) her consistent failure to submit her observations and missed deadlines, and (3) "professional misconduct during the course of the 2012 to 2013 and 2013 to 2014 school years." *Id.*

On appeal, Mercedes argues that she proved, or at least raised genuine issues of material fact, regarding whether DOE's proffered reasons for her termination were pretextual.

We find that Mercedes failed to offer sufficient evidence to permit a reasonable trier of fact to conclude that DOE's nondiscriminatory reasons for Mercedes's termination were in fact a mere pretext for discrimination. Mercedes failed to present evidence that her supervisor, Principal Polanco, harbored animus towards Mercedes *because of* her sex. Mercedes admitted that Polanco never made derogatory gender-based comments to her. The fact that Polanco hired a female assistant principal and treated her equivalently to the male assistant principals, though not determinative, further vitiates Mercedes's claim that Polanco acted with a gender bias. A rational trier of fact presented with this evidence could not infer that discrimination was the real reason for Mercedes's termination.

Mercedes next challenges the district court's grant of summary judgment as to her retaliation claim. Retaliation claims are also analyzed under a burden-shifting framework. To establish a prima facie case of retaliation, a plaintiff must show: (1) the plaintiff "engaged in protected participation or opposition under Title VII;" (2) "the employer was aware" of the participation; (3) "the employer took an adverse action against the plaintiff;" and (4) there is "a causal connection . . . between the protected activity and the adverse action." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001) (internal quotation marks and citations omitted). If a prima facie case is made, the burden shifts to the defendant to offer a "legitimate, nonretaliatory reason" for the action. *See id.* If the defendant does so, the burden returns to the plaintiff to show pretext, *id.*, by establishing that retaliation is a but-for cause of the adverse action and would not have occurred in its absence, *see Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845-46 (2d Cir. 2013).

Mercedes challenges the district court's conclusion that she did not show a causal connection between her complaints filed in July 2012, December 2012, and July 2013 and her termination in January 2015. *See Mercedes*, 2018 WL 4682015, at *12. We agree with the district court.

"While we have not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between a protected activity and an allegedly retaliatory action, courts in this circuit have typically measured that gap as a matter of months, not years." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 131 (2d Cir. 2012) (internal quotation marks and citation omitted). In this case, there is a gap of 1.5 years between the filing of Mercedes's last complaint and her termination. In the particular circumstances of this case, we believe this gap is too long to infer causation without other evidence, and Mercedes's retaliation claim fails.

Similarly, Mercedes's hostile work environment claims lack merit. For a plaintiff to prevail on a hostile work environment claim, she must show that "the workplace is permeated

with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). The conduct must be "severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015) (internal quotation marks and citation omitted).

The district court held that Mercedes failed to identify sufficient material facts demonstrating that the conduct she complains of occurred because of her gender. *Mercedes*, 2018 WL 4682015, at \*13. We agree. There is no evidence to show that the allegedly hostile work environment is a product of gender discrimination.

Mercedes also raises a hostile work environment based on retaliatory, rather than gender-based, animus. Assuming, arguendo, that an independent claim based on retaliation exists, Mercedes's claim fails because the record does not support finding that retaliation was a but-for cause for any of her allegations.

We have considered the remainder of Mercedes's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4